[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #110
The plaintiff has brought this action against the defendants alleging that it is due a commission in connection with the proposed sale of a business owned by the defendants.
The plaintiff alleges that the defendant Anthony Nuzzo, Jr. agreed in a written contract to pay a commission to the plaintiff in the event that the plaintiff secured a buyer for the defendants' restaurant business. The plaintiff also claims that it secured a buyer for the business and that eventually a contract of sale for the business was executed contingent upon the execution of a lease of the realty upon which the restaurant was located, which realty was owned by the defendants. Thereafter, the plaintiff alleges that such a lease was executed between the defendants and the prospective purchaser.
The plaintiff alleges that the defendants then decided not to complete the transactions and have refused to pay to the plaintiff the agreed upon commissions despite the plaintiff procuring a ready, willing and able buyer thus breaching their contract with the plaintiff.
The defendants have moved for summary judgment on the basis that there is no listing agreement between the plaintiff and the owner of the business in question. In support of their motion the defendants submit their affidavits in which they state that the business is owned by a Connecticut corporation, Nanton, Inc. and that the defendants are the sole shareholders, directors, and officers of that corporation.
The defendants therefore argue that the plaintiffs claim is barred by C.G.S. § 20-325a which pertains to commissions arising out of the sale of real estate since the agreement relied upon by the plaintiff was signed not on behalf of Nanton, Inc., but by Anthony Nuzzo, Jr., individually. Thus the defendants argue that the plaintiffs claim must fail and they are entitled to summary judgment. CT Page 157
Acknowledging that the plaintiff is claiming a commissions for the sale of the business rather than real estate, the defendants argue that §20-325a is nevertheless applicable since the agreement between the defendants and the prospective purchaser was contingent upon the execution of a lease of the real estate upon which the business was located.
The plaintiff responds by arguing that the agreement pursuant to which it seeks a commission is not governed by § 20-325 as it deals with the sale of the business and not real estate.
The court agrees with the plaintiff that its claim in this case is not one for a commission based upon the sale of real estate and therefore § 20-325a is not applicable. Having agreed with the plaintiff as to the inapplicability of § 20-325a, the court need not consider the plaintiffs remaining arguments as to the defendant Anthony Nuzzo, Jr. who signed the agreement.
At oral argument there was discussion as to whether Nancy Nuzzo could be held liable under the agreement sued upon on the theory of ratification.
Nancy Nuzzo was not a signatory to the agreement upon which the plaintiff bases its claim. The question become whether Nancy Nuzzo ratified the conduct of Anthony Nuzzo. Jr. in signing the agreement to pay the plaintiff a commission if it found a ready, willing, and able buyer for the business which was owned by a corporation in which she was a shareholder, director, and officer. Nancy Nuzzo was a signatory to a supplement to the original agreement for the sale of the business. Ratification is defined as the affirmance by a person of a prior act which did not bind him, but which was done or professedly done on his account. . . . Ratification requires acceptance of the results of the act with an intent to ratify, and with full knowledge of all the material circumstances. "Russell v. Dean Witter Reynolds, Inc., 200 Conn. 172, 185
(1986).
What Nancy Nuzzo's knowledge and intent was in connection with the transactions relevant to this claim are necessarily issues of material fact which cannot be resolved on a motion for summary judgment. CT Page 158
For the above reasons the defendants' motion for summary judgment is denied.
 ___________________ Thompson, J
CT Page 159